SCHOOLS Each local school district has a statutory duty to provide for the special education of "exceptional children" residing within its district. This statutory obligation may be met by transferring certified handicapped exceptional children to other school districts which accept them and provide special education for such children. When a local school district has a special education student who needs to go 1/2 day to an adjoining school, and 1/2 day to the area Vo-Tech school, the sending school district is required to reimburse the receiving school district for an equitable proportion of the operating costs of the program of the receiving district, or, the receiving district's per capita costs for current expenditures for the special education of such handicapped exceptional child based upon the cost of teachers, equipment, material and special costs associated with the special education class. Further, in computing the per capita costs of the receiving district, the $6000.00 flat grant state aid is provided under 70 O.S. 18-109 [70-18-109] (1976) should not be included in determining such per capita costs. The Attorney General has considered your opinion request wherein you ask the following questions: "1. When a local district has a special education student who needs to go 1/2 day to an adjoining school and 1/2 day to the area Vo-Tech school, can the Local District pay for 1/2 the per-capita cost to the adjoining school district? 2. Is it legal for the host school to disregard the $6000.00 flat grant from the State when computing per capita costs to the transferring district for special education students?" Title 70 O.S. 13-101 [70-13-101] (1976) provides that each school district is authorized and has a duty to provide for the special education of "exceptional children", this being children who are gifted, educable mentally handicapped, trainable mentally retarded, speech defective, emotionally disturbed or perpetually handicapped. This section also provides in pertinent part: "From and after September 1, 1970, it shall be the duty of each school district to provide special education for all handicapped exceptional children as herein defined who reside in that school district. This duty may be satisfied by: "1. The district directly providing special education for such children; "2. The district joining in a cooperative program with another district or districts to provide special education for such children. "3. The district joining in a cooperative program with a private or public institution within such district to provide special education for children who are deaf or hard-of-hearing, or for children who are blind or partially blind; or "4. Transferring certified handicapped exceptional children to other school districts which accept them and provide special education for such children, with the district in which the child resides paying tuition therefor as hereinafter provided." 70 O.S. 13-101 [70-13-101](4) (1976), above quoted, expressly authorizes the transfer of exceptional children to school districts other than that of their residence, with the sending district paying the student's tuition "as hereinafter provided" within the statutes. Relative to the phrase "as hereinafter provided", 70 O.S. 13-103 [70-13-103] (1971) provides in pertinent part: "When a school district does not provide special education facilities and qualified teachers, said children may be transferred to another school district, with the consent of the board of education thereof, where suitable facilities and teachers are provided. Transfers authorized by this section shall be made under such rules and regulations as the State Board of Education may prescribe to a result that the sending district sustain an equitable proportion of the operating costs of the program of the district to which the pupil is transferred." The above quoted statutory provisions authorize the various local school districts to engage, by agreement, in cooperative special education programs for the education of exceptional children within the districts. A special education student transfer under these sections merely require that the sending district "sustain an equitable proportion of the operating costs of the program" of the receiving district. While the statute does not provide a specific formula for computing an equitable proportion of the operating costs, it would appear that the respective districts, subject to the rules and regulations of the State Board of Education, would be authorized to agree upon an amount which would constitute such equitable proportion. Should the special education student transfer not be pursuant to a cooperative program between the districts, or should the districts be unable to agree on such costs to be paid, attention should be drawn to another section of the school code. Special education transfers may also be accomplished under the provisions of 70 O.S. 18-110 [70-18-110] (1971). This section provides that if a local school district fails, neglects or refuses to provide for the special education of handicapped exceptional children, such child's parent or guardian may petition the local district to transfer such student to an adjoining or nearby district which will accept such child for special education purposes. This section provides in pertinent part: "1. Such child shall be entitled, upon petition by the child's parent or guardian, without consent or approval of the school district not providing special education, to transfer to any adjacent or nearby school district which will accept the handicapped exceptional child and provide the special education which such child is entitled to receive. The school district in which a child transferring under this section resides shall pay to the district receiving and educating such child, as tuition, a special education transfer fee as provided in paragraph 2 of this section. Provided the average daily attendance of such child shall be credited to the home district of such transferee. "2. The special education transfer fee shall be the per capita cost of the receiving district for current expenditures for the special education of such handicapped exceptional child based upon the cost of teachers, equipment, material, and special costs associated with the special education class." (Emphasis added) From a review of the above quoted sections, it may be concluded that special education student transfers pursuant to a cooperative special education program between local school districts merely require that the sending district sustain an equitable proportion of the respective program operating costs of the receiving district. However, should such transfer be by petition under the provisions of 70 O.S. 18-110 [70-18-110] (1971), the sending district must pay to the receiving district a specific transfer fee, this fee being the per capita cost of the receiving district for current expenditures for the education of such child based upon the cost of teachers, equipment, material and other special costs associated with the class. Under either alternative method of transfer, the reimbursement formula posed in your question, subject to applicable rules and regulations of the State Board of Education, would appear to comply with the statutory requirements inasmuch as this formula is based upon the premise that the transferring district pay to the receiving district the actual per capita education costs for the education of the transferring student. 5 Okl. Op. Atty. Gen. 209 (Opinion No. 72-222), to the extent inconsistent herewith, if any, is hereby modified accordingly. Your second question asks if the receiving district may disregard the $6000.00 state aid flat grant when computing its per capita costs for special education student transfer purposes. The grant to which you refer is that which is provided under 70 O.S. 18-109 [70-18-109] (1976). This section provides in relevant part: "STATE AID: HOW DETERMINED — FOUNDATION PROGRAM — FOUNDATION PROGRAM INCOME — FOUNDATION AID — EQUALIZED PERCENTAGE MATCHING GRANT. "Recognizing the State's responsibility to guarantee a realistic educational program for every school district in accordance with its relative ability to support such program, the amount of state aid each district will receive shall be the sum of the Foundation Aid and Incentive Aid defined as follows: "FLAT GRANTS. "c. Special education. For the education of handicapped, exceptional children, the annual grants shall be made in addition to the Foundation Aid and Incentive Aid provided by this Act, in the amount of Six Thousand Dollars ($6,000.00) for the continuation of an approved program." It is apparent that the grant provided by the above quoted section is in the nature of income to qualifying districts, which income was intended by the Legislature to provide an incentive for the operation and continuation of approved special education programs. While the inclusion of such income in computing the receiving district's per capita special education program costs would serve to reduce such costs to the sending district, it would likewise have the impact of partially negating the program incentive of the receiving district by discounting the cost reimbursement to which it would otherwise be entitled. To this extent, it must be concluded that the consequential loss of program incentive by including this income in per capita cost computations, would be contrary to the legislative intent in making such income available to qualified districts and would therefore be improper. Accordingly, it must be held that the $6000.00 flat grant should not be included in the computation of the receiving district's per capita special education costs. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Each local school district has a statutory duty to provide for the special education of "exceptional children" residing within its district. This statutory obligation may be met by transferring certified handicapped exceptional children to other school districts which accept them and provide special education for such children. When a local school district has a special education student who needs to go 1/2 day to an adjoining school, and 1/2 day to the area Vo-Tech school, the sending school district is required to reimburse the receiving school district for an equitable proportion of the operating costs of the program of the receiving district, or, the receiving district's per capita costs for current expenditures for the special education of such handicapped exceptional child based upon the cost of teachers, equipment, material and special costs associated with the special education class. Further, in computing the per capita costs of the receiving district, the $6000.00 flat grant state aid ad provided under 70 O.S. 18-109 [70-18-109] (1976) should not be included in determining such per capita costs. (R. THOMAS LAY)